**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Deposit Insurance Corporation, in its Capacity as Receiver for Union Bank, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>Bonnie Ewell-Doll,<br><br>Defendant. | No. CV11-2446-PHX-DGC<br><br>**ORDER** |

Plaintiff Federal Deposit Insurance Company ("FDIC"), in its capacity as receiver of Union Bank, N.A. ("Union Bank"), maintains a related action against several defendants in *McDowell v. GECC Enterprises, Inc.*, No. 2:10-cv-2155-PHX-JRG (the "McDowell Action"). The defendant in this case, Bonnie Ewell-Doll in her individual capacity, is not a named party in the McDowell Action. Defendant Ewell-Doll has filed a motion to dismiss asserting that this action is duplicative of the McDowell Action. Doc. 8. The motion is fully briefed. Docs. 9, 11. For reasons stated below, the Court will deny the motion.[1]

**I.    Background.**

Union Bank, along with several other plaintiffs, filed a complaint in Pinal County Superior Court against GECC Enterprises, Inc., d/b/a Prudential American Associates

---

[1] Defendant's request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b).

Real Estate ("Prudential"), several realtors that worked for Prudential, and several other defendants. The FDIC, after moving to be substituted as Receiver for Union Bank, removed the action to federal court.

Defendant Ewell-Doll was the designated broker of Prudential during the time of the events alleged in the McDowell Action, but was not named in that action. Doc. 1-1. This case is based on the same events at issue in the McDowell Action. The FDIC alleges that Ewell-Doll ignored the legal advice provided to Prudential and the opinion of the Arizona Department of Real Estate in splitting land parcels and offering them for sale. See Doc. 1 at ¶ 14–17.

**II.   Analysis.**

Claims and actions duplicative of other claims and actions are subject to dismissal within the discretion of the district court. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2006). After weighing the equity of the case, the district court has discretion to dismiss the later-filed complaint with or without prejudice, to consolidate the actions, or to stay or enjoin proceedings. *Id*.

In *Adams*, the plaintiff clearly sought to make an end-run around a district court's ruling that precluded her from amending her complaint to add the very claims and parties she included in her later-filed complaint. A district court dismissed the second action because to do otherwise would have permitted the plaintiff, who delayed her assertion of claims in the first case, to nullify and disregard the district court's rulings in the first action.

No similar circumstance exists here. The FDIC has not sought to amend its complaint in the McDowell Action to assert the claims and name the parties that are part of this case. Although it is true that the deadline for amendments in the McDowell Action had passed when this case was filed, the court presiding over the McDowell Action had not precluded the claims asserted here, and Ewell-Doll does not argue that the claims asserted in this case were otherwise time-barred. The Court accordingly will exercise its discretion to deny the motion to dismiss. The FDIC has moved to consolidate

this action with the McDowell Action, a motion that will be resolved by Judge Goodwin. If the motion is denied, continuation of this case before the undersigned judge will not be contrary to any order entered by Judge Goodwin.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 8) **is denied**.

Dated this 29th day of March, 2012.

_____
David G. Campbell
United States District Judge